

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY M. SHANER, JR., <br>     Plaintiff, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 19-CV-2442 |
| PRIMECARE MEDICAL, INC., <br> *et al.*, <br>     Defendants. | : <br> : <br> : |

FILED
AUG 05 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

**PADOVA, J.**                                                                        **AUGUST     , 2019**

*Pro se* Plaintiff Harvey M. Shaner, Jr., a prisoner currently confined at Lehigh County Jail, has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional claims. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Shaner is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Shaner will be granted leave to file an amended complaint if he can cure the defects identified in his claims.

## I. FACTS

Shaner's Complaint is quite brief. He names as Defendants PrimeCare Medical, Inc. and Amanda Benner. Shaner alleges that he was diagnosed with cancer prior to his incarceration, that he has provided Lehigh County Jail with his medical records, but that Defendants have refused to treat his illness. He alleges he is being treated only with Tylenol for his pain and he has not received a needed operation. He also alleges he has not been treated for his post-traumatic stress disorder.

## II. STANDARD OF REVIEW

The Court will grant Shaner leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Shaner is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

---

[1] However, as Shaner is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[2] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834

---

[2] As it appears that Shaner was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

3

F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The Third Circuit Court of Appeals has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (per curiam) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like PrimeCare Medical, Inc. liable for a constitutional violation under § 1983, Shaner must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d at 583-84 (citing *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

4

Shaner's Complaint fails to allege that PrimeCare Medical Inc. had a policy or custom to deny cancer treatment to inmates who had been so diagnosed. Accordingly, his claim against PrimeCare Medical Inc. is not plausible as alleged and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, while Shaner names Amanda Benner as a Defendant, he makes no allegation against her other than to assert that she is a health service administrator. He does not allege that she knew of and disregarded an excessive risk to his health or safety, or any other personal involvement she may have had in his situation. Accordingly, the claim against Benner is likewise implausible as pled and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the Court cannot say at this time that Shaner is incapable of amending his pleading to state plausible claims, the dismissal of his Complaint will be without prejudice and Shaner will be granted leave to file an amended complaint to attempt to cure the defects identified by the Court. If he chooses to do so, Shaner should specifically allege how each Defendant he names personally acted to violate his constitutional rights and provide enough information to put any Defendant on sufficient notice to prepare their defense and ensure that the Court is sufficiently informed to determine the issue. An appropriate Order follows.

BY THE COURT:

JOHN R. PADOVA, J.