IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY M. SHANER, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRIMECARE MEDICAL INC. | : | |
| AND AMANDA BENNER | : | NO. 19-2442 |

**Padova, J.**                                                                               March 9, 2020

## MEMORANDUM

Pro se Plaintiff Harvey M. Shaner, Jr., a prisoner currently confined at the Federal Detention Center in Philadelphia, Pennsylvania, has brought the instant lawsuit pursuant to 42 U.S.C. § 1983 against Prime Care Medical, Inc. and its employee, Amanda Benner, alleging that they violated his constitutional rights by denying him medical care while he was imprisoned at the Lehigh County Prison. Defendants have moved to dismiss Shaner's Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). We grant the Motion for the following reasons.

**I.    BACKGROUND**

We dismissed Shaner's original Complaint against PrimeCare Medical, Inc. ("PrimeCare") and Amanda Benner on August 5, 2019, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (See Docket No. 8.) We dismissed the original Complaint without prejudice and granted Shaner leave to file an amended complaint that cured the pleading defects in the original Complaint. (Id. at 5.) We instructed Shaner that, if he chose to file an amended complaint, he "should specifically allege how each Defendant he names personally acted to violate his constitutional rights and provide enough information to put any

Defendant on sufficient notice to prepare their defense and ensure that the Court is sufficiently informed to determine the issue." (Id.) Shaner subsequently filed the instant Amended Complaint.

The Amended Complaint contains few factual allegations. It alleges that Benner is an employee of Prime Care. (Am. Compl. (Docket No. 11) at 2.) It further alleges that Shaner was denied medical care by a qualified medical provider at Lehigh County Prison between March 27, 2018 and July 17, 2019. (Id. at 3-5.) The Amended Complaint also alleges that "PrimeCare Medical and Amanda Benner refused to administer medical care by following the rules established by Prime Care headquarters which states [sic] limited care as needed." (Id. at 4.) The Amended Complaint additionally alleges that Shaner "was seen by an unqualified medical staff who did not know how to read blood pressure let alone know how to treat a cancer patient even after medical reports were provided to them" and that, as a result, Shaner's "cancer has spread to [his] colon which is causing [his] health to deteriorate." (Id. at 5.)

## II. LEGAL STANDARD[1]

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "'consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "We accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Id. (citing West Penn Allegheny Health Sys., Inc.

---

[1] Defendants filed the instant Motion to Dismiss on November 5, 2019 and served a copy of the Motion on Shaner by first-class mail on that same day. (See Docket No. 18.) Shaner has not filed a response to the Motion. Nonetheless, we have considered the Motion on its merits. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (concluding that district courts generally should not grant Rule 12(b)(6) motions as uncontested without analyzing such motions on their merits, although it may be appropriate to grant such motions as uncontested where the plaintiff is represented by an attorney).

v. UPMC, 627 F.3d 85, 91 (3d Cir. 2010)). A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Am. Civil Rights Union v. Philadelphia City Comm'rs, 872 F.3d 175, 181 n.32 (3d Cir. 2017) (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).

"[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, "we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); and citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Thus, we must "construe the facts stated in the complaint liberally in favor of the plaintiff." Phillips v. Northampton Cty., P.A., Civ. A. No. 14-6007, 2016 WL 4944221, at *6 (E.D. Pa. Sept. 14, 2016) (citing Haines v. Kerner, 404 U.S. at 520), aff'd 687 F. App'x 129 (3d Cir. 2017). "'Yet there are limits to our procedural flexibility. For example, pro se litigants still must allege sufficient facts in their complaints to support a claim.'" Id. (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). Consequently, "even a pro se complaint must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which 'demands more than an unadorned, the-defendant-

3

unlawfully-harmed-me accusation' or 'naked assertions' that are devoid of 'factual enhancement.'" Id. (quoting Iqbal, 556 U.S. at 678).

## III. DISCUSSION

Defendants argue that we should dismiss the Amended Complaint pursuant to Rule 12(b)(6) because it does not contain sufficient facts to allege facially plausible claims pursuant to 42 U.S.C. § 1983 based on the failure to provide medical treatment. The Eighth Amendment's right to be free from cruel and unusual punishment, which applies to the states via the Fourteenth Amendment, Robinson v. California, 370 U.S. 660, 666 (1962), "imposes duties on [prison] officials, who must . . . ensure that inmates receive . . . medical care . . . .'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)) (add'l citations omitted). To state a claim under the Eighth Amendment for denial of medical care,[2] a plaintiff must plausibly allege that a defendant showed "[1] deliberate indifference to [2] serious medical needs of [a] prisoner[ ]." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Courts have consistently held that "mere allegations of malpractice" are not sufficient to allege "deliberate indifference." Id. at 106 n.14.

---

[2] The Eighth Amendment applies where a violation occurs while a plaintiff is a convicted and sentenced prisoner and the Amended Complaint states that Shaner is a convicted and sentenced federal prisoner. However, it is not clear whether Shaner had been convicted and sentenced at the time he was allegedly denied medical care at the Lehigh County Prison. If Shaner were a pretrial detainee, the substantive due process clause of the Fourteenth Amendment, rather than the Eighth Amendment, would govern Shaner's claims. See Moore v. Luffey, 767 F. App'x 335, 340 (3d Cir. 2019) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003)) (add'l citation omitted). "'[T]he Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Id. (quoting Natale, 318 F.3d at 581). Thus, the United States Court of Appeals for the Third Circuit has indicated that the same standard applies to a plaintiff's prison medical care claim whether the plaintiff was a pre-trial detainee or a convicted and sentenced prisoner at the time he was allegedly denied care. Id. (citing Natale, 318 F.3d at 581-82). We therefore apply the Eighth Amendment standard to Shaner's claims.

"Deliberate indifference can be shown by a prison official 'intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'" Rhines v. Bledsoe, 388 F. App'x 225, 227 (3d Cir. 2010) (quoting Estelle, 429 U.S. at 104-05). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). Moreover, the medical need must be such that "'a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death.'" Tsakonas v. Cicchi, 308 F. App'x 628, 632 (3d Cir. 2009) (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991)).

A prison official acts with deliberate indifference to a serious medical need "when he knows of and disregards an excessive risk to inmate health or safety." Brown v. Thomas, 172 F. App'x 446, 450 (3d Cir. 2006) (citing Farmer, 511 U.S. at 837). "The official must be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (citation omitted). Given these prerequisites to a valid constitutional claim based on deliberate indifference, factual allegations suggesting only an "'ordinary lack of due care for the prisoner's interests or safety'" will not suffice to meet the pleading requirements for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). As we described in our August 5, 2019 Memorandum, the United States Court of Appeals for the Third Circuit has found that a claim of deliberate indifference to a serious medical need "may succeed" if a prison official "(1) intentionally refused treatment for a known issue; (2) delayed necessary treatment for non-medical reasons; (3) prevented recommended treatment; or (4) persisted with treatment 'in the face of

resultant pain.'" Mark v. Patton, 696 F. App'x 579, 581 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

A. Amanda Benner

Defendants have moved to dismiss the Amended Complaint as against Amanda Benner on the ground that the Amended Complaint fails to allege facts that would establish that Amanda Benner had any personal involvement in the alleged denial of medical care. "Because § 1983 does not allow vicarious liability, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (quoting Iqbal, 556 U.S. at 676).

The Amended Complaint contains two factual allegations regarding Amanda Benner: (1) "PrimeCare Medical and Amanda Benner refused to administer medical care by following the rules established by Prime Care headquarters which states [sic] limited care as needed" (Am. Compl. at 4); and (2) the unqualified medical staff that treated Shaner "were following the instructions of Amanda Benner and the rules set forth by PrimeCare" (id. at 5). Thus, the Amended Complaint seeks to impose liability on Benner as a supervisor of the medical staff who allegedly failed to treat Shaner. Supervisors "may be liable for unconstitutional acts undertaken by subordinates" in two ways. Barkes v. First Corr. Medical, Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015)). "First, liability may attach if they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" Id. at 316 (alteration in original) (quoting A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)). "Second, 'a supervisor may be personally liable under § 1983 if he or she participated

6

in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced' in the subordinate's unconstitutional conduct.'" Id. (quoting A.M., 372 F.3d at 586). The Third Circuit has further explained that, in the first situation, "a state official, by virtue of his or her *own* deliberate indifference to *known* deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury *does* occur." Id. at 320. "Liability in such a situation is, as Iqbal requires, imposed not vicariously but based on the supervisor's own misconduct, because to exhibit deliberate indifference to such a situation is a culpable mental state under the Eighth Amendment." Id. (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)).

The Amended Complaint does not allege any facts regarding Benner's involvement in the creation of PrimeCare's policies, practices or customs, nor does it allege any facts regarding her knowledge of the actions of her subordinates or her knowledge of Shaner's medical needs. The Amended Complaint is also wholly devoid of allegations regarding any actions taken by Benner. Under these circumstances, we conclude that the Amended Complaint's bare factual allegations regarding Benner are insufficient to allege a facially plausible § 1983 claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment against Amanda Benner. See Phillips, 2016 WL 4944221, at *6 (quoting Iqbal, 556 U.S. at 678). Accordingly, we grant the Motion to Dismiss as to Shaner's claims against Amanda Benner.

B. PrimeCare Medical

Defendants move to dismiss the Amended Complaint as against PrimeCare on the ground that it does not state facts that would establish that the alleged violation of Shaner's constitutional rights resulted from a custom or policy of PrimeCare. It is well settled that a municipal entity cannot be sued under § 1983 for the constitutional torts of its employees. See Monell v. Dep't of

7

Soc. Servs., 436 U.S. 658, 691 (1978). This rule has been extended to private corporations operating under a contract with the state. See Natale v. Camden Cnty. Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003); see also Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeat superior liability under section 1983. Although this principle typically surfaces in the context of municipal corporations, . . . [t]he same is true of a private corporation." (footnotes omitted)); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees unless the plaintiff proves that action pursuant to official . . . *policy* of some nature caused a constitutional tort." (alteration in original) (citations and internal quotation omitted)).

Indeed, the Third Circuit has made it clear that a private company that provides medical services to inmates at state facilities "'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" Sims v. Wexford Health Sources, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting Natale, 318 F.3d at 583). Therefore, in order to state a § 1983 claim against PrimeCare, the Complaint must "allege[] facts to state a claim that [PrimeCare] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." Id. (citing Natale, 318 F.3d at 583-84). See also Stankowski v. Farley, 251 F. App'x 743, 748 (3d Cir. 2007) (stating that a private corporation providing medical care inside a prison may not be held liable for the "constitutional violations committed by its employees, unless [it] has adopted a policy, practice or custom that caused the constitutional violations alleged." (citing Monell, 436 U.S. at 690; Woodward v. Corr. Med. Servs., 368 F.3d 917, 927 (7th Cir. 2004)); Ozoroski v. Maue, 460 F. App'x 94, 97-98 (3d Cir. 2011) ("To establish Eighth Amendment liability against a private employer . . . the prisoner must 'provide evidence

that there was a relevant [corporate] policy or custom . . . that . . . caused the constitutional violation [he] allege[s]'" (third through sixth alterations in original) (quoting Natale 318 F.3d at 584)).

The Amended Complaint contains the following allegations regarding PrimeCare: (1) "PrimeCare Medical and Amanda Benner refused to administer medical care by following the rules established by Prime Care headquarters which states limited care as needed" (Am. Compl. at 4); and (2) the unqualified medical staff that saw Shaner "were following . . . the rules set forth by PrimeCare" (id. at 5). Even drawing all reasonable inferences in Shaner's favor, we conclude that these allegations are conclusory and fail to include any facts describing a policy, custom or practice of PrimeCare that caused the alleged violation of Shaner's constitutional rights. We therefore conclude that the Amended Complaint fails to allege a facially plausible § 1983 claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment against PrimeCare. See Phillips, 2016 WL 4944221, at *6 (quoting Iqbal, 556 U.S. at 678). Accordingly, we grant the Motion to Dismiss as to Shaner's claims against PrimeCare.

## IV. CONCLUSION

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). We cannot say at this

time that Shaner is incapable of amending his pleading to state plausible § 1983 claims for deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. Accordingly, we dismiss the Amended Complaint without prejudice and grant Shaner leave to file a second amended complaint that cures the deficiencies of the instant Amended Complaint.[3] If Shaner chooses to file a second amended complaint, he should allege facts that specifically describe the custom, policy or practice of PrimeCare that he contends led to the violation of his civil rights and the manner in which each Benner personally acted to violate his constitutional rights. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

[3] However, this will be the last time we grant Shaner leave to amend his claims against PrimeCare and Benner. See Jones, 944 F.3d at 483 (denying leave to file amended claims against two government officials where the plaintiff did not plead that the officials had personal involvement in the incidents underlying the complaint and plaintiff had already been given leave to amend his complaint once "[s]o giving him further leave to amend would be futile").